UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MELISSA A. BREEDEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:18-CV-01944 JAR |
| CONSUMER ADJUSTMENT CO., INC., d/b/a CACI, | ) ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Attorney's Fees, Costs, and Disbursements. (Doc. No. 16). The motion is fully briefed and ready for disposition.

**Background**

On November 16, 2018, Plaintiff filed her Complaint against Defendant Consumer Adjustment Co., Inc. ("CACi") arising from a collection letter she received on September 6, 2018. (Doc. No. 1). Defendant was served on November 30, 2018, and filed its answer on December 21, 2018. (Doc. Nos. 3, 5). On February 20, 2019, Plaintiff filed a First Amended Complaint. (Doc. No. 13). On February 26, 2019, Defendant served Plaintiff with an offer of judgment conceding she was entitled to $1,751.00 in damages as well as her reasonable attorney's fees and costs accrued in connection with the prosecution of her claims. Plaintiff accepted the offer of judgment on February 27, 2019 (Doc. No. 14); however, the parties were unable to agree on an award of attorney's fees.

On March 21, 2019, Plaintiff filed the instant motion, seeking an award of attorney's fees in the amount of $11,340.00 pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15

U.S.C. § 1692k.[1] This amount reflects 37.8 hours spent by attorney Boris Graypel at the rate of $300.00 per hour. (Doc. No. 16-3). Plaintiff contends her request for fees is fair and reasonable, in light of Defendant's "intransigent posture and continuous opposition" throughout the litigation (Doc. No. 16-1 at 2-3), and is commensurate with awards in similar cases, citing Karr v. Med-1 Solutions, L.L.C., No. 1:12-CV-01182-DKL-WTL, 2014 WL 5392098, at *5 (S.D. Ind. Oct. 22, 2014) (disparity between $1000 statutory fee award and $26,000 attorney fee due to defendant's choice to "aggressively litigate its position"); Hagy v. Demers & Adams, L.L.C., No. 2:11-CV-530, 2013 WL 5728345 (S.D. Ohio Oct. 22, 2013) (awarding attorney fees of $74,195, noting the amount of time expended was. in part a product of the defendant's vigorous defense) (Id. at 3, 12). In response, Defendant argues that the number of hours billed was excessive and that the hourly rate requested by Plaintiff's counsel is too high relative to the prevailing rates in this area and counsel's lack of experience.

**Discussion**

Plaintiff is entitled to a "reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). When determining the reasonableness of a fee request, the "lodestar" method is "the most useful starting point for determining the amount of a reasonable fee," i.e., "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). In determining the overall reasonableness of an award of attorneys' fees, the Court may adjust this "lodestar" amount computed above, as the Court considers the twelve factors first set out in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717–19 (5th Cir. 1974) (limited by Blanchard v. Bergeron, 489 U.S. 87 (1989)), and used to determine the reasonableness of the fee. See Winter v. Cerro Gordo County Conservation Board,

---

[1] On March 22, 2019, Plaintiff filed a motion for Bill of Costs seeking to recover $400 in costs attributable to the filing fee. (Doc. No. 17). Defendant considers this request reasonable and does not oppose it.

925 F.2d 1069, 1074 n. 8 (8th Cir. 1991). These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorney(s); (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

**Number of hours reasonably expended**

Plaintiff maintains the number of hours expended was reasonable under the circumstances of this case. In particular, she notes that a month after Defendant filed its answer to her complaint, on or about January 21, 2019, Defendant CACi sent a second collection letter directly to Plaintiff. Defendant's counsel took the position that there was no FDCPA violation by his client. At that time, counsel for Plaintiff provided a demand to Defendant's counsel to fully resolve the matter, which was rejected without a counter-offer. This resulted in Plaintiff filing an amended complaint. Shortly thereafter, on or about February 7, 2019, Defendant's counsel The Barton Law Group sent a collection letter directly to Plaintiff. Plaintiff's counsel advised Defendant's counsel of his intention to file another amended complaint, and issued a demand to Defendant, which Defendant's counsel failed to address. Prior to Plaintiff filing a motion for leave to file a second amended complaint, Defendant made an offer of judgment, which Plaintiff accepted. Plaintiff contends that the post-filing conduct of Defendant necessitated additional research as well as two amendments to her complaint (the first of which was filed, and the second drafted, but not filed, due to the accepted offer of judgment).

In its opposition to Plaintiff's motion, Defendant first disputes the 9.1 hours charged for preparing the initial complaint, 40% of which it contends is identical to the complaint counsel filed for Plaintiff against a different debt collector in Breeden v. Medical-Commercial Audit, Inc., 4:18-CV-01936 RLW (E.D. Mo.) ("MCA case"). Second, Defendant challenges the two hours of work billed for research on the claims in this case prior to filing the complaint, because Plaintiff's counsel would have already conducted this research in the MCA case. Next, Defendant challenges the 1.4 hours billed by Plaintiff's counsel for reviewing and analyzing the collection letter, evaluating potential claims, and legal research. Defendant argues it should not have taken 1.4 hours to review a one-page collection letter and then decide to bring the same two claims brought in the MCA case.

Defendant also challenges counsel's billing at his attorney rate for paralegal/administrative work, such as preparing documents for filing, filling out civil cover sheets, and receiving and reviewing CM/ECF docket notifications. Defendant requests that time spent on administrative or paralegal duties (1.8 hours), be billed at the hourly rate of $100, a standard rate for that type of work.

In addition, Defendant disputes as excessive the amount of time Plaintiff's counsel has billed for reviewing the Court's Rule 16 Order (.6 hours); preparing for a Rule 26 conference (.4 hours); traveling to meet Plaintiff to discuss the legal implications of receiving a new collection letter (1.6 hours); reading three short emails from Defendant's counsel (.4 hours); and corresponding with the court clerk regarding cancellation of the Rule 16 conference (.3 hours). Defendant also takes issue with 1.3 hours billed for legal research it considers to be duplicative and disputes 2.5 hours billed for preparation of documents that were never served, including discovery and a motion for leave to file a second amended complaint. Finally, Defendant

disputes the 5.6 hours billed for preparing the motion for attorney's fees as excessive in a case that lasted only a few months.

The Court believes a reduction in the amount of attorney's fees requested is warranted given the requirements of this case. The case was only a few months old when Plaintiff accepted Defendant's offer of judgment and the only substantive filings in this case were Plaintiff's complaint, Defendant's answer, and Plaintiff's amended complaint. By agreement of the parties, the Rule 16 scheduling conference was cancelled. No discovery was conducted and no dispositive motions were filed. As a starting point, Plaintiff has requested fees for 37.8 hours of work. Defendant consents to 23.1 hours of attorney work. (Doc. No. 19 at 12). Thus, 14.7 hours of work are contested. After a thorough review of the record, the Court will reduce the contested amount by 8.0 hours. The Court believes this is appropriate given the atypical amount of time Mr. Graypel spent researching claims and drafting the complaint, reviewing communications, and performing administrative work. After an 8.0 hour reduction, the Court awards Plaintiff her fees for 29.8 hours of attorney work.

**Hourly rate**

Defendant asserts that Plaintiff's requested hourly rate of $300 is unreasonably high relative to the hourly rates awarded in similar FDCPA cases in this District and urges the Court to set Mr. Graypel's hourly rate at no more than $225.00. (Doc. No. 19 at 4-5). Plaintiff contends her counsel is billing well within the rates published in the 2015-2016 U.S. Consumer Law Attorney Fee Survey Report given his five and a half years of consumer law and collection industry experience. (Doc. No. 16-1 at 9-10; Doc. No. 20 at 4-5). Having reviewed the qualifications and experience of Mr. Graypel, the rates listed in the U.S. Consumer Law Attorney Fee Survey Report, and based on the Court's own experience within the Eastern District of

Missouri, the Court finds Mr. Graypel's billing rate is reasonable for this type of case, in this District. See, e.g., Harris v. National Credit Systems, Inc., No. 4:16-CV-695 RLW, 2017 WL 1906712, at *2 (E.D. Mo. May 8, 2017) ("The Court finds that, based upon its review of the case law in this district, the appropriate hourly billing rate for [counsel] would be $300 per hour [.]").

**Conclusion**

For these reasons, the Court finds that Plaintiff is entitled to attorney's fees in the amount of $8,940.00 (29.8 hours x $300.00), paralegal fees of $180.00 (1.8 hours x $100), and costs of $400.00, for a total award of $9,520.00.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney's Fees, Costs, and Disbursements [16] is **GRANTED in part**. Plaintiff is awarded $9,120.00 in attorney and paralegal fees and $400.00 in costs, for a total award of **$9,520.00.**

Dated this 8th day of April, 2019.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**